UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**08    345**

-----------------------------------------x
CHRISTOPHER DAVID,

**COGAN, J.**

Plaintiff,

ECF CASE NO. :

-vs-

**POHORELSKY, M.J**

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND W. KELLY, POLICE OFFICER
IVELISSE RODRIGUEZ, SHIELD #02545,
DETECTIVE ANA MARIE RAIMONDI, SHIELD #03272,
Lt. LARRY BURNHAM, Tax No. 897100, DETECTIVE
SHANTE TERRELL, SHIELD # 04424, POLICE
OFFICER TREVOR BARONETTE, SHIELD # 00760,
POLICE OFFICER ERIC COX, SHIELD # 21758, and
JOHN/JANE DOE S 1-6, Individually, who were
involved in the incident resulting to plaintiff's
false arrest and injuries.

**COMPLAINT AND
JURY DEMAND**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 24 2008 ★
BROOKLYN OFFICE

Defendants.
-----------------------------------------x

## COMPLAINT

### PRELIMINARY STATEMENT

1.  This is an action for money damages brought pursuant to 42 U.S.C. Sections 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of New York, against the City of New York, Police Officers Ivelisse Rodriguez and Detective Ann Marie Raimondi, Individually, Police Officers John/Jane Does 1-6, individually, all being police officers employed by the New York City Police Department, in their individual capacities and against Police Commissioner Raymond W. Kelly. Jurisdiction is base upon 28 U.S.C. Sections 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2.  The amount in controversy exceeds $150,000.00 excluding interest and costs.

3.  Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundary of the Eastern District of New York.

4.  It is alleged that on May 3, 2007, the individual police officer defendants, all employed by the New York City Police Department ("NYPD"), acting under color of state law, intentionally and wilfully subjected plaintiff CHRISTOPHER DAVID to, *inter alia*, false arrest,

1

excessive force, malicious prosecution upon making an unreasonable seizure of the person of plaintiff. These actions violated plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the NYPD.

5. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## PARTIES

6. Christopher David, was at all material times, of full age, a resident of the State of New York, and a United States citizen.

7. At all times relevant to this complaint, all defendants named herein were duly appointed and acting officers and entities of the NYPD, acting under color of law, to wit: under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

8. Police Officer Ivelisse Rodriguez (Shield Number 02545) and Detective Anamarie Raimondi (Shield Number 03272), Detective Larry Burnham (Tax Identification Number 897100), Detective Shante Terrell, Shield Number 04424, Police Officer Trevor Baronette, Shield Number 00760. Police Officer Eric Cox, Shield Number 21758, together with John/Jane Does #1-6 at all times relevant were New York City Police Officers or detectives of the New York City Police Department. They are each sued in their individual and official capacities as a result either of their actions at the scene of the incident giving rise to plaintiff's arrest, or, in their capacity as policymakers with respect to training, supervision and discipline of police officers under their command.

9. The City of New York ("The City") is a municipal corporation organized under the laws of the State of New York.

10. New York Police Commissioner Raymond Kelly ("The Commissioner") was at all times relevant the Commissioner of the New York City Police Department, and, as such, was a policymaker with respect to training, supervision and discipline of NYPD officers, including the individual defendants. The Commissioner is being sued both in his individual and official capacities.

11. The NYPD is a municipal corporation and the public employer of the said officers.

## NOTICE OF CLAIM

12. Within 90 days of the events in question, as well as within 90 days of the termination in plaintiff's favor of the criminal proceedings arising out of the events, plaintiff filed written Notice

2

of Claim with the New York City Office of the Comptroller. This matter has not been settled or otherwise disposed of.

## FACTS

13. On or about May 3, 2007, at approximately 10:30 p.m, Christopher David was returning to his vehicle which had been double-parked near 356 East 31st Street.

14. Christopher David lawfully approached his vehicle for the purpose of leaving the parking location.

15. When he was preparing to enter his vehicle, a female police officer suddenly emerged from a nearby police van and proceeded to the driver's side of Christopher David's vehicle. Without provocation, said female officer dragged Christopher David from his vehicle and forcefully propelled him to the adjacent sidewalk. Christopher David did not resist her actions in any manner whatsoever.

16. Within a very short period of time, approximately eight (8) other police officers joined the female police officer and each kicked, punched and jumped on Christopher David while he lay prone on the ground. Many of these officers displayed Timberland-style boots while kicking Mr. David.

17. During this time, Christopher David was also handcuffed. Even though he was handcuffed and not resisting, the female officer who was the first to engage Christopher David placed a foot on Christopher David's chest.

18. Thereafter, Christopher David was placed in a white police van and transported to central booking where he was arrested for, *inter alia*, Assault in the Second Degree, Assault in the Third Degree, Official Misconduct, Resisting Arrest, Criminal Sale of Marijuana and Harassment in the Second Degree.

19. Prior to being transported, certain of the individual members above-named employed by the NYPD each laughingly performed and simulated a pantomime of the kicking, punching and jumping actions described above to one another while in Christopher David's presence.

20. After more than twenty-four (24) hours of confinement, Christopher David was finally released from jail following his criminal court arraignment.

21. At no time during the events described above was Christopher David intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly.

He had not committed any criminal offenses.

22. The defendant police officers had no warrant for the arrest of the plaintiff, no probable cause for the arrest of the plaintiff, and no legal cause or excuse to seize the person of the plaintiff.

23. Christopher David was arbitrarily and falsely charged with the above-cited criminal charges.

24. While the criminal matter against Christopher David was pending in the matter entitled *People of the State of New York v. Christopher David*, the Kings County District Attorney's Office served written Discovery alleging that defendant Raimondi was injured by Christopher David during the incident and required medical/hospital attention from Lutheran Medical Center.

25. Specifically, this Discovery offered that Detective Raimondi received medical attention in connection with the within incident as a result of incurring "swelling to the lower back and buttocks area."

26. Despite repeated demands by criminal defendant Christopher David, no such medical/hospital records were produced, or have been produced, otherwise documenting that defendant Raimondi received any such medical attention as a result of the incident.

27. Upon information and belief, defendant Raimondi intentionally misstated that :

    (a)    she was injured as a result of the incident;

    (b)    she received medical/hospital attention as a result of the incident;

    c)    Christopher David in fact caused any such alleged injuries she may otherwise have incurred in any manner whatsoever.

28. On December 26, 2007, prior to being obligated to produce these purported medical/hospital records depicting Raimondi's alleged medical treatment from this incident, if they even existed, the criminal charges against Christopher David were instead dismissed *in toto* "in the interests of justice."

29. At all times during the events described above, the defendant police

4

officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

30. As a direct and proximate result of the said acts of the defendant Officers, the plaintiff Christopher David suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Loss of his physical liberty.

    c. Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money and treatment, including, but not limited to, swelling, abrasions, wounds, scarring and disfigurement to his head, neck, back and legs.

31. The actions of the defendant Officers violated the long-established and well-settled federal constitutional right of Christopher David, to wit : the freedom from the unreasonable seizure of Christopher David's person.

## COUNT I

### 42 U.S.C. Section 1983 Against Individual Defendant NYPD Officers.

32. Paragraph 1 through 25 are incorporated herein by reference as though fully set forth.

33. Plaintiff Christopher David claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against defendants City of New York, NYPD,

5

New York City Police Officers Rodriguez and Detective Raimondi, John/Jane Does 1-6 all engaged in the actions and conduct alleged herein in their official capacities as NYPD police officers and under color and authority of federal and state law, regulation, ordinance, custom and usage, for violation of Christopher David's constitutional rights under color of law. Each acted within the course and scope of their employment with the NYPD of defendant City of New York.

34.   That such actions served to deprive Christopher David of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Section 1983 of 42 U.S.C. In particular, he was deprived of his right to due process of law, of his right to happiness and to liberty.

35.   Defendants New York City Police Officers named not only engaged in intentional conduct, but they did so either with the intent to violate the plaintiff's civil rights, or with a reckless disregard for whether defendant's conduct would violate such rights.

36.   Plaintiff, Christopher David, has been damaged as a result of defendants' wrongful acts in the amount of Five Million Dollars.

## COUNT II

### False Arrest and Illegal Imprisonment Against Individual Defendant NYPD Officers.

37.   Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth hereinafter at length.

38.   Defendant NYPD Police Officers named and unnamed herein illegally arrested and illegally imprisoned Christopher David. In doing so, these officers not only engaged in intentional conduct, but they did so either with the intent to violate the plaintiff's federal rights, or with a reckless disregard for whether defendant's conduct would violate such rights.

39. On December 26, 2007, the State of New York, to wit: The Kings County District Attorney's Office, dismissed "in the interest of justice" each and every one of its criminal charges illegally brought against Christopher David in Kings County Criminal Court, Part AP-5 in the matter entitled "*The People of the State of New York vs. Christopher David*, Docket Number 2007KN033595.

40. The specific charges that were dismissed on the occasion of December 26, 2007 were as follows: Assault in the Second Degree, Assault in the Third Degree, Official Misconduct, Resisting Arrest, Unlawful Possession of Marijuana, Criminal Possession of Marijuana in the Fifth Degree, Criminal Sale of Marijuana in the Fourth Degree and Harassment in the Second Degree. Each and every one of these charges were dismissed notwithstanding the allegations that members of the NYPD were the alleged victim(s) of the Assault, Resisting Arrest and Harassment charges.

41. As a result of this false arrest and illegal imprisonment, the plaintiff, Christopher David, suffered the damages as aforesaid in the amount of Five Million Dollars.

## **COUNT III**

### **Assault and Battery against Defendants, et al.**

42. Paragraphs 1 through 41 are incorporated by reference as though fully set forth hereinafter at length.

43. At the above time and place, defendants Rodriguez, Raimondi and John/Jane Does and City of New York, through the actions of its agents, employees and police officers at the scene committed assault and battery (all within the course and scope of their employment) by subjecting Christopher David to harmful and offensive bodily contact with the intent to do so.

44. At the above time and place, Christopher David was consciously aware of this contact, did not consent to it, and was otherwise harmed by it.

45. Such harmful and offensive contact was unlawful, excessive, and was

without legal justification or other privilege.

46. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under 42 USC Section 1983, New York State Common Law and the New York State Constitution.

47. By reason of the foregoing, Christopher David sustained serious physical injuries and conscious pain and suffering herein which led to extensive and long-term health and medical care, and claims damages in the sum of Five Million Dollars.

## COUNT IV
## 42 U.S.C. Section 1983 Against Defendants

48. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth hereinafter at length.

49. Prior to May 3, 2007, the NYPD developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens, which caused the violation of Christopher David's rights.

50. It was the policy and/or custom of the NYPD to inadequately supervise, train, discipline, sanction or otherwise direct its police officers, including the defendant officers named in this case, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The NYPD did not require appropriate in-service training of officers on the subject of police misconduct, nor did it take measures to prevent such constitutional abuses such as described herein.

51. As a result of the NYPD's developed policies and customs, police officers of the NYPD, including the defendant officers named in this case, believed that their actions would not be properly monitored by supervisory officers, and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. The above-mentioned policies, practices and customs demonstrated a deliberate indifference on the part of policymakers of the NYPD. Said policies,

practices and customs have served to encourage and sanction the police officers' unlawful conduct described above, such conduct having adversely impacted upon the constitutional rights of citizens, and were the cause of the violations of the plaintiff Christopher David's rights alleged herein on May 3, 2007.

53. Plaintiff has been damaged as a result of defendants' wrongful acts in the amount of Five Million Dollars.

## COUNT V
### (Malicious Prosecution against Defendants)

54. Paragraph 1 through 53 are incorporated by reference as though fully set forth hereinafter at length.

55. Defendants caused false criminal accusatory instruments to be filed against plaintiff and testified falsely against plaintiff.

56. The criminal proceedings were terminated favorably to CHRISTOPHER DAVID.

57. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC Section 1983, New York State common law and the New York State Constitution.

58. As a result of the malicious prosecution implemented by the defendants, plaintiff was damaged in the sum of Five Million Dollars.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, as follows:

    a.    In favor of plaintiff in the amount of Five Million Dollars for each of plaintiff's Causes of Action;

    b.    Awarding costs and disbursements of this action to the plaintiff;

    c.    Awarding reasonable attorney fees of this action to the plaintiff;

    d.    Awarding plaintiff punitive damages in the amount of Five Million Dollars for each of plaintiff's Causes of Action; and

    e.    Awarding such other and further relief as this Court may deem appropriate, just and proper

## JURY DEMAND

The plaintiff hereby demands a jury trial.

Dated:    Brooklyn, New York
            January 24, 2008

THE PLAINTIFF,
BY

SPENCER A. LEEDS, ESQ.
Attorney for Plaintiff
26 Broadway, Suite 2100
Brooklyn, New York 11242
(718) 488-8255

TO:

New York City
Office of Corporation Counsel
100 Church Street, 4th Floor
New York, New York 10007

Police Commissioner Raymond W. Kelly
1 Police Plaza, Room 1406
New York, New York 10006

Police Officer Ivelisse Rodriguez, Shield #02545
Narcotics Bureau Bronx
500 Abbott Street
Bronx, New York 10470

Detective Ana Marie Raimondi, Shield #02545
Narcotics Bureau Brooklyn South
745 64th Street
Brooklyn, New York 11220

Detective Shante Terrell, Shield # 04424
Narcotics Bureau Brooklyn South
745 64th Street
Brooklyn, New York 11220

Police Officer Eric Cox, Shield # 21758
Narcotics Bureau Brooklyn South
745 64th Street
Brooklyn, New York 11220

Lt. Larry Burnham
Tax ID # 897100
Narcotics Bureau Brooklyn South
745 64th Street
Brooklyn, New York 11220

Police Officer Trevor Baronette, Shield # 00760
Narcotics Bureau Brooklyn South
745 64th Street
Brooklyn, New York 11220